CSM LEGAL, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
GENARO GUTIERREZ CALIXTO (A/K/A
RUBEN), *individually and on behalf of others
similarly situated,*

|  |  |
|---|---|
| | **COMPLAINT** |
| *Plaintiff,* | |
| -against- | **COLLECTIVE ACTION UNDER** **29 U.S.C. § 216(b)** |
| M & M FRUIT INC. (D/B/A SUNRISE MARKET PLACE) and BASHIR ALKANDI, | **ECF Case** |
| *Defendants.* | |

-------------------------------------------------------X

Plaintiff Genaro Gutierrez Calixto (A/K/A Ruben) ("Plaintiff Gutierrez" or "Mr. Gutierrez"), individually and on behalf of others similarly situated, by and through his attorneys, CSM Legal, P.C., upon his knowledge and belief, and as against M & M Fruit Inc. (d/b/a Sunrise Market Place), ("Defendant Corporation") and Bashir Alkandi, ("Individual Defendant"), (collectively, "Defendants"), alleges as follows:

<u>**NATURE OF ACTION**</u>

1.     Plaintiff Gutierrez is a former employee of Defendants M & M Fruit Inc. (d/b/a Sunrise Market Place) and Bashir Alkandi.

2.      Defendants own, operate, or control a deli, located at 612 11th Ave, New York, NY 10036 under the name "Sunrise Market Place".

3.      Upon information and belief, individual Defendant Bashir Alkandi, serve or served as owner, manager, principal, or agent of Defendant Corporation and, through this corporate entity, operates or operated the deli as a joint or unified enterprise.

4.      Plaintiff Gutierrez was employed as a stock worker, and delivery worker at the deli located at 612 11th Ave, New York, NY 10036.

5.      Plaintiff Gutierrez was ostensibly employed as a stock worker and delivery worker. However, he was required to spend a considerable part of his work day performing non-tipped duties, including but not limited to food prep, cleaning the windows, cleaning the basement, cleaning the roof, mopping, sweeping inside and outside the deli, taking out the garbage, shoveling snow in the winter, taking care of the deli cat, ordering, unloading and organizing merchandise, and performing maintenance jobs in the deli.

6.      At all times relevant to this Complaint, Plaintiff Gutierrez worked for Defendants in excess of 40 hours per week, without appropriate minimum wage, overtime, and spread of hours compensation for the hours that he worked.

7.      Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Gutierrez appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

8.      Further, Defendants failed to pay Plaintiff Gutierrez the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

9.      Defendants' conduct extended beyond Plaintiff Gutierrez to all other similarly situated employees.

10.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Gutierrez and other employees to work in excess of forty (40) hours per week

without providing the minimum wage and overtime compensation required by federal and state law and regulations.

11.     Plaintiff Gutierrez now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

12.     Plaintiff Gutierrez seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

13.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Gutierrez's state law claims under 28 U.S.C. § 1367(a).

14.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a deli located in this district. Further, Plaintiff Gutierrez was employed by Defendants in this district.

## PARTIES

*Plaintiff*

15.     Plaintiff Genaro Gutierrez Calixto (a/k/a Ruben) ("Plaintiff Gutierrez" or "Mr. Gutierrez") is an adult individual residing in New York County, New York.

16.     Plaintiff Gutierrez was employed by Defendants at Sunrise Market Place from approximately August 25, 2017, until on or about May 2022.

17.     Plaintiff Gutierrez consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

18.     At all relevant times, Defendants own, operate, or control a deli, located at 612n11th Ave, New York, NY 10036 under the name "Sunrise Market Place".

19.     Upon information and belief, M & M Fruit Inc. (d/b/a Sunrise Market Place) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 612n11th Ave, New York, NY 10036.

20.     Defendant Bashir Alkandi is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Bashir Alkandi is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Bashir Alkandi possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Gutierrez, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

21.     Defendants operate a deli located in a neighborhood in Manhattan.

22.     Individual Defendant, Bashir Alkandi, possesses operational control over Defendant Corporation, possesses ownership interests in Defendant Corporation, and controls significant functions of Defendant Corporation.

23.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

24.     Each Defendant possessed substantial control over Plaintiff Gutierrez's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Gutierrez, and all similarly situated individuals, referred to herein.

25.     Defendants jointly employed Plaintiff Gutierrez (and all similarly situated employees) and are Plaintiff Gutierrez's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

26.     In the alternative, Defendants constitute a single employer of Plaintiff Gutierrez and/or similarly situated individuals.

27.     Upon information and belief, Individual Defendant Bashir Alkandi operates Defendant Corporation as either an alter ego of himself and/or fails to operate Defendant Corporation as an entity legally separate and apart from himself, by among other things:

     a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

b) defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c) transferring assets and debts freely as between all Defendants,

d) operating Defendant Corporation for his own benefit as the sole or majority shareholder,

e) operating Defendant Corporation for his own benefit and maintaining control over this corporation as a closed Corporation,

f) intermingling assets and debts of his own with Defendant Corporation,

g) diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect his own interests, and

h) Other actions evincing a failure to adhere to the corporate form.

28. At all relevant times, Defendants were Plaintiff Gutierrez's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Gutierrez, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Gutierrez's services.

29. In each year from 2017 to 2022, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

30. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the deli on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

31.     Plaintiff Gutierrez is a former employee of Defendants who was employed as a stock worker, and delivery worker. However, he spent over 20% of each shift performing the non-tipped duties described above.

32.     Plaintiff Gutierrez seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Genaro Gutierrez Calixto (A/K/A Ruben)*

33.     Plaintiff Gutierrez was employed by Defendants from approximately August 25, 2018, until on or about May 2022.

34.     Defendants employed Plaintiff Gutierrez as a stock worker, and delivery worker.

35.     However, Plaintiff Gutierrez was also required to spend a significant portion of his workday performing the non-tipped duties described above.

36.     Plaintiff Gutierrez spent over 20% of each day performing non-tipped work throughout his employment with Defendants.

37.     Plaintiff Gutierrez regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

38.     Plaintiff Gutierrez's work duties required neither discretion nor independent judgment.

39.     Throughout his employment with Defendants, Plaintiff Gutierrez regularly worked in excess of 40 hours per week.

40.     From approximately August 25, 2018, until on or about September 2018, Plaintiff Gutierrez worked from approximately 7:00 a.m. until on or about 7:00 p.m. or 8:00 p.m., 6 days a week (typically 72 to 78 hours per week).

41.     From approximately October  2018, until on or about September 2019, Plaintiff

Gutierrez worked from approximately 7:00 a.m. until on or about 6:00 p.m. or 7:00 p.m., 6 days a week (typically 66 to 72 hours per week).

42.     From approximately October 2019, until on or about March 2020, Plaintiff Gutierrez worked from approximately 7:00 a.m. until on or about 5:00 p.m. or 6:00 p.m., 6 days a week (typically 60 to 66 hours per week).

43.     From approximately March 2020, until on or about March 2021, Plaintiff Gutierrez worked from approximately 7:00 a.m. until on or about 7:00 p.m. or 8:00 p.m., 6 days a week (typically 72 to 78 hours per week).

44.     From approximately April 2021, until on or about May 2022, Plaintiff Gutierrez worked from approximately 7:00 a.m. until on or about 5:00 p.m. or 6:00 p.m., 6 days a week (typically 60 to 66 hours per week).

45.     Throughout his employment, Defendants paid Plaintiff Gutierrez his wages in cash.

46.     From approximately August 2017 until on or about December 2017, Defendants paid Plaintiff Gutierrez a fixed salary of $600.00 per week.

47.     From approximately January 2018 until on or about December 2018, Defendants paid Plaintiff Gutierrez a fixed salary of $650.00 per week.

48.     From approximately January 2019 until on or about December 2019, Defendants paid Plaintiff Gutierrez a fixed salary of $750.00 per week.

49.     From approximately August 20, 2021, until on or about May 2022, Defendants paid Plaintiff Gutierrez a fixed salary of $800.00 per week.

50.     Plaintiff Gutierrez's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

51.     For example, Defendants required Plaintiff Gutierrez to work an additional 1 hour past his scheduled departure time regularly, and did not pay him for the additional time he worked.

52.     Plaintiff Gutierrez was never notified by Defendants that his tips were being included as an offset for wages.

53.     Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Gutierrez's wages.

54.     Defendants never granted Plaintiff Gutierrez any breaks or meal periods of any kind.

55.     Plaintiff Gutierrez was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

56.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Gutierrez regarding overtime and wages under the FLSA and NYLL.

57.     Defendants did not provide Plaintiff Gutierrez an accurate statement of wages, as required by NYLL 195(3).

58.     Defendants did not give any notice to Plaintiff Gutierrez, in English and in Spanish (Plaintiff Gutierrez's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

59.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Gutierrez (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate minimum wage, spread of hours pay, and overtime compensation as required by federal and state laws.

60.     Plaintiff Gutierrez was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

61.     Defendants' pay practices resulted in Plaintiff Gutierrez not receiving payment for all his hours worked, and resulted in Plaintiff Gutierrez's effective rate of pay falling below the required minimum wage rate.

62.     Defendants habitually required Plaintiff Gutierrez to work additional hours beyond his regular shifts but did not provide him with any additional compensation.

63.     Plaintiff Gutierrez and all other similarly situated employees, ostensibly were employed as tipped employees by Defendants, although their actual duties included a significant amount of time spent performing the non-tipped duties outlined above.

64.     Plaintiff Gutierrez's duties were not incidental to his occupation as a tipped worker, but instead constituted entirely unrelated general restaurant work with duties, including the non-tipped duties described above.

65.      Plaintiff Gutierrez and all other tipped workers were paid at a rate that was below the minimum wage by Defendants.

66.     In addition, at all relevant times, Plaintiff Gutierrez and all other tipped workers were paid at a rate that was below the tip credit rate by Defendants.

67.     However, under state law, Defendants were not entitled to a tip credit because the tipped worker's and Plaintiff Vazquez's non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever is less) (12 N.Y.C.R.R. § 146).

68.     New York State regulations provide that an employee cannot be classified as a tipped employee on any day in which he or she has been assigned to work in an occupation in which tips

are not customarily received. (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

69.     In violation of federal and state law as codified above, Defendants classified Plaintiff Gutierrez and other tipped workers as tipped employees, and paid them at a rate that was below minimum wage when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

70.     Defendants failed to inform Plaintiff Gutierrez who received tips that Defendants intended to take a deduction against Plaintiff Vazquez's earned wages for tip income, as required by the NYLL before any deduction may be taken.

71.     Defendants failed to inform Plaintiff Gutierrez who received tips, that his tips were being credited towards the payment of the minimum wage.

72.     At all relevant times, Defendants' time keeping system did not reflect the actual hours that Plaintiff Gutierrez worked.

73.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

74.     Defendants paid Plaintiff Gutierrez his wages in cash.

75.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

76.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Gutierrez (and similarly situated individuals) worked, and to avoid paying Plaintiff Gutierrez properly for his full hours worked.

77.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

78.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Gutierrez and other similarly situated former workers.

79.     Defendants failed to provide Plaintiff Gutierrez and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

80.     Defendants failed to provide Plaintiff Gutierrez and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

81.      Plaintiff Gutierrez brings his FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

82.     At all relevant times, Plaintiff Gutierrez and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records under the FLSA.

83.     The claims of Plaintiff Gutierrez stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

84.     Plaintiff Gutierrez repeats and realleges all paragraphs above as though fully set forth herein.

85.     At all times relevant to this action, Defendants were Plaintiff Gutierrez's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Gutierrez (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

86.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

87.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

88.     Defendants failed to pay Plaintiff Gutierrez (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

89.     Defendants' failure to pay Plaintiff Gutierrez (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

90.     Plaintiff Gutierrez (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

91.     Plaintiff Gutierrez repeats and realleges all paragraphs above as though fully set forth herein.

92.     Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Gutierrez (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

93.     Defendants' failure to pay Plaintiff Gutierrez (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

94.     Plaintiff Gutierrez (and the FLSA Class members)were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

95.      Plaintiff Gutierrez repeats and realleges all paragraphs above as though fully set forth herein.

96.      At all times relevant to this action, Defendants were Plaintiff Gutierrez's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff Gutierrez, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

97.      Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Gutierrez less than the minimum wage.

98.      Defendants' failure to pay Plaintiff Gutierrez the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

99.      Plaintiff Gutierrez was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS

### OF THE NEW YORK STATE LABOR LAW

100.      Plaintiff Gutierrez repeats and realleges all paragraphs above as though fully set forth herein.

101.      Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Gutierrez overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

102.    Defendants' failure to pay Plaintiff Gutierrez overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

103.    Plaintiff Gutierrez was damaged in an amount to be determined at trial.

### FIFTH CAUSE OF ACTION

### VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

### OF THE NEW YORK COMMISSIONER OF LABOR

104.     Plaintiff Gutierrez repeats and realleges all paragraphs above as though fully set forth herein.

105.    Defendants failed to pay Plaintiff Gutierrez one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Gutierrez's spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

106.    Defendants' failure to pay Plaintiff Gutierrez an additional hour's pay for each day Plaintiff Gutierrez's spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

107.    Plaintiff Gutierrez was damaged in an amount to be determined at trial.

### SIXTH CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING

### REQUIREMENTS OF THE NEW YORK LABOR LAW

108.     Plaintiff Gutierrez repeats and realleges all paragraphs above as though fully set forth herein.

109.    Defendants failed to provide Plaintiff Gutierrez with a written notice, in English and in Spanish (Plaintiff Gutierrez's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances,

if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular

pay day designated by the employer; the name of the employer; any "doing business as" names used

by the employer; the physical address of the employer's main office or principal place of business,

and a mailing address if different; and the telephone number of the employer, as required by NYLL

§195(1).

110.    Defendants are liable to Plaintiff Gutierrez in the amount of $5,000, together with

costs and attorneys' fees.

**SEVENTH CAUSE OF ACTION**

**VIOLATION OF THE WAGE STATEMENT PROVISIONS**

**OF THE NEW YORK LABOR LAW**

111.     Plaintiff Gutierrez repeats and realleges all paragraphs above as though fully set forth

herein.

112.    With each payment of wages, Defendants failed to provide Plaintiff Gutierrez with

an accurate statement listing each of the following: the dates of work covered by that payment of

wages; name of employee; name of employer; address and phone number of employer; rate or rates

of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or

other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages;

the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours

worked; and the number of overtime hours worked, as required by NYLL 195(3).

113.    Defendants are liable to Plaintiff Gutierrez in the amount of $5,000, together with

costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Gutierrez respectfully requests that this Court enter judgment against Defendants by:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Gutierrez and the FLSA Class members;

(c)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Gutierrez and the FLSA Class members;

(d)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Gutierrez's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Gutierrez and the FLSA Class members;

(f)     Awarding Plaintiff Gutierrez and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiff Gutierrez and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage and overtime

compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Gutierrez;

(i)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Gutierrez;

(j)     Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiff Gutierrez;

(k)     Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Gutierrez's compensation, hours, wages and any deductions or credits taken against wages;

(l)     Declaring that Defendants' violations of the provisions of the NYLL and spread of hours wage order were willful as to Plaintiff Gutierrez;

(m)     Awarding Plaintiff Gutierrez damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable

(n)     Awarding Plaintiff Gutierrez damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(o)     Awarding Plaintiff Gutierrez liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation, and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(p)     Awarding Plaintiff Gutierrez and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(q)      Awarding Plaintiff Gutierrez and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(r)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(s)     All such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

 Plaintiff Gutierrez demands a trial by jury on all issues triable by a jury.

Dated:  New York, New York

August 31, 2022

CSM LEGAL, P.C

By:  _____/s/ Catalina Sojo, Esq._____
Catalina Sojo [CS-5779517]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

# CSM Legal, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

catalina@csmlegal.com

July 12, 2022

BY HAND

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Genaro Gutierrez

Legal Representative / Abogado:   CSM Legal, P.C.

Signature / Firma:

Date / Fecha:                     12 de julio 2022

*Certified as a minority-owned business in the State of New York*